UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN THEODORE ANDERSON,

    Plaintiff,

v.

HONDO MINERALS, INC., et al.,

    Defendants.

2:11-CV-850 JCM (RJJ)

**ORDER**

Presently before the court is the case of *Anderson v. Hondo Minerals, Inc. et al* (Case No. 2:11-cv-00850-JCM -RJJ).

On June 23, 2011, the court ordered plaintiff Anderson to show cause why his complaint should not be dismissed. (Doc. #13). Specifically, the court stated that within plaintiff's "Verified Petition For Libel Review/Judicial Review "Within The Admiralty" An "In Rem" Action Pursuant To 28 U.S.C. 1333 and 1337" (doc. #1), he contends that this court has exclusive jurisdiction over the matter because his breach of contract claim is an admiralty and/or maritime claim. (Doc. #13). Further, the court held that "throughout the plaintiff's complaint, he fails to make clear to the court how the alleged breach of contract claim is governed by maritime law," and that "[t]here is no allegation or factual assertion that the contract involved the "navigation, business or commerce of the sea."

The court held that since plaintiff has not presented the court with a basis for subject matter jurisdiction, it was inclined to dismiss the complaint *sua sponte,* without prejudice. 28 U.S.C. §

**James C. Mahan**
**U.S. District Judge**

1    1333; Fed. R. Civ. P. 12(h)(3). It ordered the plaintiff to demonstrate to the court the existence of
2    a maritime contract, and to show cause as to why the complaint should not be dismissed. (Doc. #13).
3          As ordered, plaintiff timely filed his "reply to order to show cause why complaint should not
4    be dismissed." (Doc. #15). In the reply, plaintiff contends that his "file # 03052010 is [w]ithin the
5    [a]dmiralty because it was clearly stated so to everyone who received and was noticed properly
6    pursuant to FRCP 4&5." Further, he claims that the "defendants in this [c]ase never refuted the use
7    of [a]dmiralty [l]aw and therefore have agreed by their [a]quiescence to have this case reviewed
8    within it." *Id.* Moreover, he argues that congress has "brought admiralty up to the peaks of the
9    mountain," and that this case is in admiralty because it is about "contracts,...commerce, mining and
10   minerals." *Id.*
11         "Admiralty jurisdiction of the federal courts embraces two principal subjects; maritime
12   contracts and maritime torts." *Mediterranean Shipping Company, S.A. v. Ningbo Toptrade Imp*. 2008
13   WL 1723183 (C.A. 9), citing *Dockside Development Corp. v. Illinois International Port District*,
14   479 F.Supp.2d 842, 846 (N.D. Ill. 2007). The courts have developed a subject matter test to
15   determine if a contract claim invokes admiralty jurisdiction, whereby if a contract relates to the
16   "navigation, business or commerce of the sea [it] is a maritime contract, and action on which may
17   be brought in admiralty." *Id.* (Citing *Simon v. Intercontinental Transport*, 882 F.2d 1435, 1440 (9th
18   Cir. 1989).
19         Plaintiff has failed to provide the court with any support for his assertion that the case
20   involves "navigation, business or commerce of the sea" and is brought under admiralty law. First,
21   the Federal Rules of Civil Procedure that plaintiff cites deal with summons and the serving and filing
22   of pleadings and other papers. Fed. R. Civ. P. 4 and 5. Second, plaintiff merely contends that the
23   defendants (none of which have appeared in the case) acquiesced to the subject matter jurisdiction
24   and that admiralty laws extend to the "peaks of the mountain." Neither argument supports a finding
25   that the case involves a maritime contract or is one that "may be brought in admiralty."
26   *Mediterranean Shipping Company, S.A.*. 2008 WL 1723183 (citing *Simon*, 882 F.2d 1435, 1440).
27         Therefore, the court is inclined to dismiss the complaint *sua sponte,* without prejudice, for
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

lack of subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983); *Franklin v. Oregon, State Welfare Div.,* 662 F.2d 1337, 1342 (9th Cir.1981) (the district court is under a continuing duty to establish its own subject matter jurisdiction and may *sua sponte* dismiss an action whenever it appears that jurisdiction is lacking.).

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the case of *Anderson v. Hondo Minerals, Inc. et al* (Case No. 2:11-cv-00850-JCM -RJJ) be, and the same hereby is, DISMISSED without prejudice.

DATED August 9, 2011.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**